UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TINA THURLOW, | Case No. 14-11625 |
|        Plaintiff, | Nancy G. Edmunds |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Stephanie Dawkins Davis |
| | United States Magistrate Judge |
|        Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**<u>RULE 41(b) DISMISSAL</u>**

**I.     PROCEDURAL HISTORY**

      A.    <u>Proceedings in this Court</u>

On April 23, 2014, plaintiff filed the instant suit seeking judicial review of the Commissioner's decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Nancy G. Edmunds referred this matter to Magistrate Judge Michael Hluchaniuk for the purpose of reviewing the Commissioner's decision denying plaintiff's claims. (Dkt. 2). This matter was reassigned to the undersigned Magistrate Judge on January 5, 2016, pursuant to Administrative Order. (*See* Text Only Order dated January 5, 2016).

Plaintiff was initially represented by counsel in this matter. However, the

matter was subsequently stayed by a three-judge panel of this Court which determined that plaintiff's counsel was no longer permitted to represent plaintiff. (Dkt. 14). As a result, plaintiff's former counsel has withdrawn. (Dkt. 15, 16). After the withdrawal by counsel, the undersigned issued an order striking the previously filed motions for summary judgment (Dkt. 9, 11) and set a new briefing schedule for the parties. (Dkt. 18). Plaintiff's motion for summary judgment was due by February 11, 2016. The scheduling order specifically provided that "**PLAINTIFF'S FAILURE TO TIMELY FILE A MOTION FOR SUMMARY JUDGMENT WILL RESULT IN A RECOMMENDATION OF DISMISSAL.**" (*Id.*) (emphasis in original). The deadline for plaintiff to file a brief has passed and she has not filed a brief, and no attorney has appeared on her behalf.

    B.    <u>Administrative Proceedings</u>

Plaintiff filed the instant claim for a period of disability and disability insurance benefits on October 4, 2011. (Dkt. 5-4, Pg ID 134-35). Plaintiff also filed an application for social security income on the same date. (Dkt. 5-4, Pg. ID 136-42). In both applications, plaintiff alleged a disability beginning February 4, 2011. The Commissioner initially denied plaintiff's applications on January 17, 2012. (Dkt. 5-3, Pg ID 71-72). Thereafter, plaintiff requested an administrative hearing, and on October 23, 2012, she appeared with counsel before

Administrative Law Judge ("ALJ") Michael R. McGuire, who considered her case de novo. (Dkt. 5-2, Pg ID 24-50). In a January 2, 2013 decision, the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act. (Dkt. 5-2, Pg ID 9-23). The ALJ's decision became the final decision of the Commissioner on February 26, 2014, when the Social Security Administration's Appeals Council denied plaintiff's request for review. (Dkt. 5-2, Pg ID 1-6); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 541-543-44 (6th Cir. 2004). Plaintiff filed this suit on April 23, 2014. (Dkt. 1).

This matter is now ready for report and recommendation. For the reasons set forth below, the Court concludes that substantial evidence supports the decision of the Administrative Law Judge. The Court therefore **RECOMMENDS** that the findings of the Commissioner of Social Security be **AFFIRMED,** or in the alternative that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b).

## II.    FACTUAL BACKGROUND

### A.    Factual Allegations and ALJ Findings

Plaintiff previously worked as a medical assistant for approximately twelve years, up until February 4, 2011. (Dkt. 5-2, Pg ID 46). On that date, she claims that she slipped and fell on some ice, injuring her left wrist and rendering her unable to work from that day forward. (Dkt. 5-2, Pg ID 49). Plaintiff was 36

3

years old at the alleged date of onset. She is married with three children. At the hearing before the ALJ, plaintiff testified that her wrist was in constant pain, with varying degrees of intensity. (Dkt. 5-2, Pg ID 48). She stated that doing any type of repetitious work caused the pain to increase. *Id.* She also complained of constant pain in her back, which radiated down to her legs. Standing or sitting a lot, bending, lifting and carrying things all triggered or exacerbated her pain. (Dkt. 5-2, Pg ID 51).

The ALJ applied the five-step disability analysis to plaintiff's claims and found at step one that plaintiff had not engaged in any substantial gainful activity since the February 4, 2011 (the alleged onset date). (Dkt. 5-2, Pg ID 14). At step two, the ALJ found that plaintiff had the following severe impairments: (1) left wrist pain secondary to ligament tear and triangular fibrocartilage (TFC) injury and (2) fracture of the lumbar spine with pars defect at L5 on S1. (*Id.*). At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled one of the listings in the regulations. (*Id*. at 14-15).

The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). Specifically, the claimant is able to lift/carry 10 pounds occasionally; stand/walk 2 hours in

> an 8-hour workday; sit 6 hours in an 8-hour workday; and push/pull up to 10 pounds. She is able to engage in occasional postural activities, except no climbing, crouching, crawling, squatting, or kneeling. She is limited to frequent fingering and occasional grasping with the left non-dominant upper extremity.

(Dkt. 5-2, Pg ID 33).  At step four, the ALJ determined that plaintiff was not capable of performing her past relevant work as a medical assistant.  *Id*. at 36.  Considering plaintiff's age, education, work experience, and RFC, the ALJ determined that jobs existed in significant numbers in the national economy that she could perform.  *Id*. at 37.  As such, the ALJ concluded that plaintiff had not been under a disability from February 4, 2011, through the date of his decision.  *Id*. at 38.

### III.   DISCUSSION

####    A.   Standard of Review

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record."  *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).  In deciding

whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027,

1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

      B.      <u>Merits of Plaintiff's Claims</u>

The undersigned recommends that the court affirm the ALJ's findings of fact and conclusions of law. The undersigned has reviewed the record evidence and the ALJ's decision.[1] The undersigned agrees that substantial evidence supports the ALJ's conclusions as they relate to the weighing of the medical opinions in the record, the five step determination, and plaintiff's credibility.

The first step at which the ALJ's findings diverge from the path leading to a finding of disability is at step three, where the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or equaled one of the listings in the regulations. The ALJ properly articulated the absence of specific medical factors necessary to meet the listings under both 1.02 and 1.04. Specifically, as to 1.02 he noted that the record was devoid of any evidence showing involvement of one major peripheral joint in each upper extremity - noting that only plaintiff's left side is involved here. (Dkt. 5-2, Pg ID 33).

---

[1] A review of the merits of plaintiff's case in the absence of motions for summary judgment is supported by *Wright v. Comm'r of Soc. Sec.*, 2010 WL 5420990, at *3 (E.D. Mich. Dec. 27, 2010), in which the court held that dismissal for failure to file a motion for summary judgment is unwarranted because the plaintiff has "no burden to do anything in order to obtain judicial review of the administrative decision except file a timely complaint." Other judges in this district have concluded, however, that dismissal of Social Security complaints pursuant to Fed.R.Civ.P. 41(b) is appropriate. *See Salmo v. Comm'r of Soc. Sec.*, 2012 WL 6929176, at *2 (E.D. Mich. Nov. 27, 2012) (collecting cases dismissing Social Security complaints under Rule 41(b)); *see also Brinkley v. Comm'r of Soc. Sec.*, 2015 WL 1637598 (E.D. Mich. Apr. 13, 2015) (Michelson, J.).

Regarding the 1.04 listing, the ALJ listed three areas lacking evidentiary support in the record: (1) no evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss and positive straight-leg raising; (2) spinal arachnoiditis; or (3) lumbar spinal stenosis resulting in pseudoclaudication. *Id.* A review of the medical evidence of record confirms the ALJ's conclusions in this regard. For example, state agency medical consultant Dr. Eric Vanderhaagen considered and concluded that plaintiff did not meet Listing 1.04. (Dkt. 5-3, Pg ID 84-85).

Next, the undersigned finds that the ALJ's residual functional capacity ("RFC") findings are also supported by substantial evidence. The ALJ determined that plaintiff had the RFC to perform sedantary work. Specifically, the ALJ concluded that plaintiff was able to

> lift/carry 10 pounds occasionally; stand/walk 2 hours in an 8-hour workday; sit 6 hours in an 8-hour workday; and push/pull up to 10 pounds. She is able to engage in occasional postural activities, except no climbing, crouching, crawling, squatting, or kneeling. She is limited to frequent fingering and occasional grasping with the left non-dominant upper extremity.

(Dkt. 5-2, Pg ID 33). The ALJ considered the conclusions reached by Dr. Vanderhaagen, who determined that plaintiff was "not disabled" and could work at the sedentary level. (Dkt. 5-2, Pg ID 36; citing Exs. 1A, 2A). The ALJ gave Dr.

Vanderhaagen's opinion significant weight as he is an acceptable medical source, because his opinion was consistent with plaintiff's medical records, and because there was no evidence received after Dr. Vanderhaagen's that showed a significant worsening of symptoms. (*Id.*) Importantly, the ALJ also noted that "the record does not contain any opinions from treating or examining physicians indicating that the [Plaintiff] is disabled or even has limitations greater than those determined in [the ALJ's] decision." (*Id.*) The undersigned does not find any error in the weighing of the medical opinions in this case, particularly where there is no treating physician opinion in the record.

With respect to the Step Five findings, the ALJ concluded that considering the plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the plaintiff can perform. (Dkt. 5-2, Pg ID 37). To determine the extent to which plaintiff's limitations erode the sedentary occupational base, the ALJ asked the vocational expert whether jobs exist in the national economy for an individual with plaintiff's age, education, work experience, and RFC. The VE testified that given all of these factors, the individual would be able to perform the requirements of representative occupations such as: address clerk, account clerk, and order clerk. (Dkt. 5-2, Pg ID 37).

The fact that the VE did not provide Dictionary of Occupational Titles

(DOT) codes for the representative jobs that she identified during the hearing is not fatal to the ALJ relying on the VE's testimony. Indeed, this Court has repeatedly held that "[t]he absence of specific DOT code numbers does not undermine the substantial evidence supporting the ALJ's decision." *Charchick v. Astrue*, 2013 WL 4803498 at *9 (E.D. Mich. 2013) (citation omitted); *see also Ball v. Comm'r of Soc. Sec.*, 2013 WL 5179275 at *11 (E.D. Mich. 2013). Moreover, an ALJ may rely on VE testimony even when the VE does not provide DOT codes because the regulations do not require the VE to rely on classifications in the DOT. *Wilson v. Comm'r of Soc. Sec.*, 2011 WL 2607098 at *6 (E.D. Mich. 2011).

Finally, to the extent there is a question of whether the ALJ correctly assessed plaintiff's credibility, the undersigned notes that "[i]t is for the [Commissioner] and his examiner, as the fact finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) (quoting *Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972)). As the Sixth Circuit has held, determinations of credibility related to subjective complaints of pain rest with the ALJ because "the ALJ's opportunity to observe the demeanor of the claimant 'is invaluable, and should not be discarded lightly.'" *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 538 (6th Cir. 1981) (citation omitted). Thus, an ALJ's credibility

determination will not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

Here, the undersigned agrees with the Commissioner that the ALJ's conclusions regarding plaintiff's credibility are supported by substantial evidence. While the ALJ acknowledged that plaintiff suffered from pain, the ALJ determined that the objective medical evidence did not support the severity of plaintiff's claims. (Dkt. 5-2, Pg ID 35) (20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4) (in evaluating statements about pain or other symptoms, the ALJ will consider any inconsistencies in the evidence); Social Security Ruling (SSR) 96-7p, 1996 WL 374186, at *5 (July 2, 2006) (stating that one strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record). Specifically, the ALJ concluded that plaintiff's physical pain and limitation of function were "out of proportion" with the objective and clinical evidence of record. (Dkt. 5-2, Pg ID 35). For example, the ALJ summarized clinical evidence of plaintiff's back and left wrist that showed little or no evidence of injury. (Dkt. 5-2, Pg ID 35; citing Exs. 1F, 2F, 3F). The ALJ also noted that after a minimally invasive screw fixation to correct a pars defect, plaintiff had no surgery or epidural steroid injections, but had only been treated with pain medications and a back brace. Thus, the ALJ opined, that plaintiff had not undergone treatment one would generally expect for a totally

disabled individual, thus reducing the credibility of the severity her back pain.

The ALJ engaged in a similar discussion with respect to the clinical findings regarding plaintiff's left wrist. In the end, the ALJ accounted for any remaining left wrist limitation by assessing plaintiff at the sedentary level with postural limitations and frequent, as opposed to constant, fingering and grasping with the non-dominant left upper extremity. The RFC, the ALJ noted, is consistent with plaintiff's Function Report where she indicated that she can lift about 15 pounds and her testimony that she is able to use buttons and zippers and make a loose fist. (Dkt. 5-2, Pg ID 36). The undersigned concludes that the there is no compelling reason to disturb the ALJ's credibility analysis here.

C.    Rule 41(b) Dismissal

Alternatively, the undersigned recommends that plaintiff's complaint be dismissed for failure to prosecute. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173

F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629; *see also Carter v. City of*

*Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). In this case, the Court warned plaintiff that her case would be dismissed if she failed to file her motion for summary judgment. (Dkt. 18). Thus, this factor weighs in favor of

14

dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendant[] cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. Thus, the first and third factors weigh in favor of dismissal. Finally, given plaintiff's failure to substantively participate in this case since the withdrawal of her attorney, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, the undersigned concludes that none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, at *8, quoting, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, at *5, citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984). While the undersigned is sympathetic to plaintiff's situation, she failed to file an initial brief, as ordered. Under the circumstances, in the view of the undersigned, dismissal without prejudice is appropriate.

15

## IV. RECOMMENDATION

For the reasons set forth above, the Court concludes that substantial evidence supports the decision of the Administrative Law Judge. The Court therefore **RECOMMENDS** that the findings of the Commissioner of Social Security be **AFFIRMED** or, in the alternative, that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 29, 2016                s/Stephanie Dawkins Davis
                                       Stephanie Dawkins Davis
                                       United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on February 29, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and I have mailed by U.S. Postal Service to the following non-ECF participant: Tina Thurlow, 9585 Reese Road, Birch Run, MI 48415.

                                       s/Tammy Hallwood
                                       Case Manager
                                       (810) 341-7887
                                       tammy_hallwood@mied.uscourts.gov